UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| | |
|---|---|
| **CASE NO.:** CV 14-01513 SJO (RZx) | **DATE:** March 19, 2014 |
| **TITLE:** Ralph George v. Gyrus ACMI, Inc., et al. | |

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                                    Not Present
Courtroom Clerk                                                  Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                           Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Gyrus ACMI, Inc.'s ("GAI") Notice of Removal ("Notice"), filed on February 28, 2014.  For the following reasons, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles ("Los Angeles County Superior Court").

I.      FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2013, Plaintiff Ralph George ("Plaintiff") initiated the instant action against Defendants GAI and Gyrus ACMI, LLC ("GAL") (collectively, "Defendants").  (Notice Ex. A ("Complaint") at 10.) Plaintiff's Complaint seeks damages from Defendants on the following grounds: (1) strict products liability; and (2) negligence.  (*See generally* Compl.)  Plaintiff's claims are all state law claims based on injuries suffered from a malfunction of equipment manufactured or sold by Defendants. (*See generally* Compl.)  On June 24, 2013, GAI filed an Answer to the Complaint.  (Notice Ex. B ("Answer") at 41.)  On February 28, 2014, GAI filed the instant Notice on the basis of diversity jurisdiction.  (*See generally* Notice.)

II.     DISCUSSION

A defendant may remove an action on the basis of diversity jurisdiction if (1) there is complete diversity between the adverse parties in the action; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. 28 U.S.C. § 1447(c).  A district court may raise the issue of subject matter jurisdiction *sua sponte* any time during the pendency of an action.  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  The Court finds it proper to determine whether there is federal subject matter jurisdiction over this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 14-01513 SJO (RZx)</u>  DATE: <u>March 19, 2014</u>

The Ninth Circuit has held that courts must "strictly construe the removal statue against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

For diversity purposes, an individual is a citizen of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence can be prima facie evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff avers that he is a resident of Los Angeles, California. (Compl. ¶ 1.) The Court finds that Plaintiff is therefore a citizen of California based on these uncontroverted pleadings. (Compl. ¶ 1; Notice ¶ 8.) Because Plaintiff is a citizen of California, complete diversity will exist so long as no defendants are residents of California.

A corporation is a citizen of both its state of incorporation and the location of its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). As the basis for removal, GAI applied this standard to determine the citizenship of both defendants. (Notice ¶ 9.) However, GAL is not a corporation, but a limited liability company. (*See* Notice ¶¶ 1, 9.) For diversity purposes, a limited liability company has the citizenship of all its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). GAI has failed to establish the citizenship of each member of the LLC. (*See generally* Notice.) As such, GAI has failed to establish complete diversity. Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court for lack of subject matter jurisdiction.

III.  <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this action to Los Angeles County Superior Court. This action shall close.

IT IS SO ORDERED.